IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 11, 2017

**STATE OF TENNESSEE v. KEVIN LYNN MORRIS**

**Appeal from the Circuit Court for Chester County**
**No. 15-CR-25        Kyle Atkins, Judge**

_____

**No. W2017-00126-CCA-R3-CD**

_____

The Defendant, Kevin Lynn Morris, was convicted by a Chester County jury of aggravated burglary, theft of property valued at $500 or less, vandalism, and evading arrest. His sole issue on appeal is that the trial court erred by denying his motion for new trial based on newly discovered evidence. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

G.W. Sherrod III, Henderson, Tennessee, for the Defendant-Appellant, Kevin Lynn Morris.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant appeals from his convictions of aggravated burglary, theft, vandalism, and evading arrest stemming from a home burglary. In this direct appeal, the Defendant claims that he is entitled to a new trial based on newly discovered evidence regarding the victim's identification of the Defendant's truck. The following facts are relevant to this appeal.

On April 10, 2015, Chester County Sheriff Blair Weaver responded to a burglary at 770 Deming Road. Sheriff Weaver received a description provided by the victim of the suspect's truck, which was described as a "dark blue Ford stepside Ranger pickup

with a dark colored toolbox in the back." On his way to the house, Sheriff Weaver encountered a truck that matched the description of the suspect's truck, and he activated his blue lights. The truck sped up, ran a stop sign, turned down another road, and continued "a quarter of a mile" before pulling over. Once the truck stopped, Sheriff Weaver arrested the Defendant, who was driving the truck. Sheriff Weaver detained the Defendant while another officer drove the victim by to identify the Defendant. The officer confirmed over the radio that the victim had positively identified the Defendant as the perpetrator, and Sheriff Weaver proceeded with the Defendant's arrest. On cross-examination, Sheriff Weaver identified a towing report for the Defendant's truck which listed the color as black. Sheriff Weaver did not write the towing report and testified that he believed the truck to be a "very dark" blue.

The victim, Robby Lax, testified that he arrived home around noon on April 10, 2015, to find an unknown truck parked near his driveway. Lax then saw the Defendant "coming around the house" carrying Lax's saw, which had been inside his house. Lax told the Defendant to put the saw down and pointed his gun at the Defendant. The Defendant set the saw down and complied with Lax's demand to get on the ground. However, as Lax pulled out his phone to call 911, the Defendant crawled towards his truck and escaped. Lax gave dispatch a description of the Defendant and the Defendant's truck, which he described as a "blue Ranger stepside extended cab" with a painted blue emblem on the side and a painted blue toolbox in the back. On cross-examination, Lax also recalled that the truck's wheels were painted blue. Lax testified that one door leading into his house had been pried open and that another door had a glass pane knocked out. Lax confirmed that an officer drove him to identify the Defendant shortly after the arrest, and he also identified the Defendant at trial.

After the State rested, defense counsel called Sheriff Weaver as a rebuttal witness. Defense counsel presented a series of photographs on a digital camera allegedly depicting a truck in the Chester County impound lot. These photographs were not entered into evidence. When asked to identify the truck in the photographs, Sheriff Weaver said that the truck "appear[ed] to be a dark . . . colored Ford Ranger . . . similar to the one that [he] stopped." Sheriff Weaver agreed that the truck in the photographs had chrome wheels and a chrome emblem on the side. Sheriff Weaver also confirmed that the Defendant's truck was impounded after his arrest and that there were no other Ford Rangers on the impound lot at that time. However, Sheriff Weaver said that he could not say with complete certainty that the truck in the photographs was the Defendant's truck and that he did not know who took the photographs or when the photographs were taken.

At the conclusion of the proof, the jury found the Defendant guilty as charged. Following a sentencing hearing, the court imposed a sentence of fifteen years' incarceration for the aggravated burglary, six years' incarceration for evading arrest, and

eleven months and twenty-nine days' incarceration for both the theft and vandalism convictions, with all sentences running consecutively. The Defendant filed a motion for new trial on October 21, 2016, alleging, inter alia, that,

> following the close of [the] Defendant's case, the Defense was provided new information that is potentially material to the outcome of the case. More specifically, the photographs of a [pickup] truck on the county impound lot shown to Sheriff Blair Weaver during the Defendant's case[-]in[-]chief were also shown to the [S]tate's complaining witness, Robby Lax, by the Assistant District Attorney General, and upon information and belief that the [S]tate's complaining witness stated that the truck depicted in those photographs was not the truck that he saw in his driveway on the [d]ate of the offense.

At the motion for new trial hearing, defense counsel claimed that, after he closed his proof, the prosecutor showed the truck photographs to the victim. Defense counsel told the trial court that he "wasn't there" but that he was informed "from a witness that was in the hall" and by the prosecutor that the victim said, "'That's not the truck that was in my driveway.'" No evidence was presented at the hearing and, on December 5, 2016, the trial court entered a written order denying the Defendant's motion. This timely appeal followed.

## ANALYSIS

On appeal, the Defendant raises the single issue of "whether the trial court erred in failing to grant [his] motion for new trial based upon newly discovered evidence." The State responds that the Defendant has failed to present the alleged new evidence on which he relies and that the fact that the victim "would have stated that an unspecified vehicle in the Chester County impound was not the vehicle he saw at his residence" is irrelevant, and would not change the result of the trial. We agree with the State.

In order to obtain a new trial on the basis of newly discovered evidence, the defendant must show: "(1) reasonable diligence in seeking the newly discovered evidence; (2) materiality of the evidence; and (3) that the evidence will likely change the result of the trial." State v. Nichols, 877 S.W.2d 722, 737 (Tenn. 1994) (citing State v. Goswick, 656 S.W.2d 355, 358-60 (Tenn. 1983)). Additionally, "[w]hether the trial court grants or denies a new trial on the basis of newly discovered evidence rests within the sound discretion of the trial judge." State v. Caldwell, 977 S.W.2d 110, 117 (Tenn. Crim. App. 1997) (citing Hawkins v. State, 417 S.W.2d 774, 778 (Tenn. 1967)). Typically, a petitioner will not be granted a new trial where the newly discovered evidence "merely contradicts or attempts to impeach" a witness's testimony at trial. State v. Sheffield, 676

S.W.2d 542, 554 (Tenn. 1984). However, "if the impeaching evidence is so crucial to the defendant's guilt or innocence that its admission will probably result in an acquittal, a new trial may be ordered." State v. Singleton, 853 S.W.2d 490, 496 (Tenn. 1993) (citing State v. Rogers, 703 S.W.2d 166, 169 (Tenn. Crim. App. 1985); Rosenthal v. State, 292 S.W.2d 1, 4-5 (Tenn. 1956); Evans v. State, 557 S.W.2d 927, 938 (Tenn. Crim. App. 1977)).

The trial court found that the photographs at issue were within the Defendant's control. In fact, at the motion for new trial hearing, the Defendant acknowledged that the photographs came from one of his witnesses. The trial court also noted that the Defendant could have re-examined the victim about the photographs, as he did with Sheriff Weaver. In this regard, the Defendant has presented no proof that the photographs or the ability to question the victim about the photographs was out of his control.

We also fail to see how the victim's statement, even if true, tends to prove any material fact. The evidence is not relevant to the Defendant's crimes. As pointed out at trial, the photographs were not part of the record and there was no evidence regarding who took the photographs, when the photographs were taken, or if the truck in the photographs was the Defendant's truck. Further, no testimony from the victim or anyone who heard the victim's statement directly was introduced at the motion for new trial hearing.

Likewise, we are not convinced to the likelihood of a different result had the victim's alleged statement been produced and accepted by the jury. As discussed above, the evidence was not material. Sheriff Weaver was questioned about the difference between the truck in the photograph and the victim's description of the truck, and the jury chose to convict the Defendant despite this testimony. Without further proof, we fail to see how the jury could reach any other conclusion. Accordingly, we see no abuse of discretion in the trial court's denial of the motion for new trial.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 4 -